UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ENID SANTIAGO,** | Civ. No. 2:11-cv-04254 (WJM) |
| **Plaintiff,** | |
| v. | **ORDER** |
| **NEW YORK & NEW JERSEY PORT AUTHORITY,** *et al.*, | |
| **Defendants.** | |

**THIS MATTER** comes before the Court upon Plaintiff's motion for voluntary dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff seeks to dismiss the Complaint without prejudice, pending the resolution of an appeal in a parallel state court action. Defendants oppose the motion. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Third Circuit has made clear that "Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). Courts in this Circuit have accounted for a variety of factors in determining whether to grant Rule 41(a)(2) motions, including "any excessive and duplicative expense of a second litigation; the effort and expense incurred by a defendant in preparing for trial; the extent to which the pending litigation has progressed;

and the claimant's diligence in moving to dismiss." *Pappas v. Twp. of Galloway*, 565 F. Supp. 2d 581, 594 (D.N.J. 2008).

In this case, these factors weigh in favor of granting Plaintiff's motion. Although the case has been pending for a year, no dispositive motions have been filed and the parties have not taken any depositions. All of the paper discovery that has been conducted to date can be used in both the state and federal actions. If the federal case is not dismissed, then the parties will have to conduct a full round of depositions now in the federal case, and may have to conduct essentially identical depositions after the state court case is remanded. Waiting for the state court appeal, by contrast, would allow the parties to do only one set of depositions for both cases. If Plaintiff's state court case is dismissed on appeal, then the federal case can be re-opened and depositions can move forward as planned.

Defendants' arguments that they will be prejudiced by a voluntarily dismissal are unpersuasive. First, Defendants argue that deposition witnesses might forget the underlying events while the state court appeal is pending. The Court finds this unlikely, as the appeal is likely to be resolved in a matter of months. Second, Defendants argue that they will be deprived of a speedy resolution of the federal action because they will "essentially have to start litigating all over [again]." Opp. Br. at 11. This is simply not true. If Plaintiff's state court action is dismissed, the federal action will pick up exactly where it left off. *See also In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863 (defendants must show some harm "other than the mere prospect of a second lawsuit."). Third, Defendants argue that they will be prejudiced because additional prejudgment interest

will accrue while the state court appeal is pending; however, Plaintiff has agreed to waive prejudgment interest that accrues during this time period.  *See* Reply Br. at 5.  Finally, Defendants argue that they should be awarded attorneys' fees and costs for this litigation. The Court finds this unwarranted, as a voluntary dismissal imposes no additional costs, and might save Defendants the duplicative expense of a second litigation.

For the foregoing reasons and for good cause shown;

**IT IS** on this 9th day of August 2012, hereby,

**ORDERED** that Plaintiff's motion for voluntary dismissal of the Complaint is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.


        /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**