UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENID SANTIAGO,<br><br>      Plaintiff,<br><br>    v.<br><br>NEW YORK & NEW JERSEY PORT AUTHORITY, *et al.*,<br><br>      Defendants. | Civ. No. 2:11-cv-04254 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Falk's October 1, 2014 Order (the "October Order") denying Plaintiff's application to compel the depositions of three non-party witnesses. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' appeal is **DENIED**, and the October Order is **AFFIRMED**.

I.  BACKGROUND

Plaintiff is a Hispanic female and was formerly employed as a probationary police officer at The Port Authority of New York & New Jersey (the "Port Authority"). Defendants are the Port Authority, Port Authority Tunnel & Bridge Agent Gregory Noa, and several other Port Authority employees. The following facts are as alleged in the Complaint.

On October 6, 2009, Plaintiff was performing police duties at the Lincoln Tunnel. While on duty, she responded to an "over-height alarm" indicating that an oversized trailer truck was attempting to enter the tunnel. As she attempted to direct the trailer away from the tunnel, Defendant Noa arrived at the scene and also began to direct traffic, creating danger and confusion. Plaintiff asked Noa to stop directing traffic, but he refused. The trailer truck ultimately crashed, creating a hazardous situation at the tunnel.

Plaintiff subsequently filed a complaint with the Port Authority about the accident and Noa's actions. She claims that, in retaliation for filing the complaint, the Port Authority initiated a sham internal affairs investigation against her. That investigation concluded that Plaintiff falsified portions of the accident report. Accordingly, the Port Authority terminated Plaintiff employment on April 12, 2010.

On July 25, 2011, Plaintiff filed the instant action against Defendants. Plaintiff alleges Section 1981 and Section 1983 claims against the individual Defendants. Plaintiff also asserts a *Monell* claim against the Port Authority, arguing that it has a custom and/or practice of discriminating against Hispanics and retaliating against police officers who are whistleblowers or file complaints. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).

An extended discovery period closed in this case on February 16, 2014. On March 25, 2014, Plaintiff submitted a letter seeking to further extend discovery and take three depositions – one of Defendant Noa, as well as those of David Wildstein and William

Baroni,[1] who Plaintiff contended were recently discovered witnesses. In a supplemental submission, Plaintiff expanded her request to seek a fourth deposition – that of Jerry Speziale, former Deputy Superintendent of the Port Authority Police Department. Upon an informal recommendation from Judge Falk, Defendants agreed to Noa's deposition. However, Defendants oppose the other three depositions.

In an opinion dated October 1, 2014, Judge Falk found that the request to depose Wildstein and Baroni was untimely. He further found Plaintiff failed to demonstrate that the Wildstein, Baroni, or Speziale have information relevant to this case. Judge Falk thus denied Plaintiff's request to depose the three non-party witnesses. *See Santiago v. Port Auth. of New York & New Jersey*, No. 11-4254, 2014 WL 4930805, at *1 (D.N.J. Oct. 1, 2014). Plaintiff appeals.

## II.   STANDARD OF REVIEW

A district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

---

[1] Wildstein and Baroni are former Port Authority officials who have been subject of extensive media coverage for their alleged involvement in the Fort Lee lane closure scandal or "Bridgegate."

mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

### III.   DISCUSSION

Judge Falk ruled that (1) the request to depose Wildstein and Baroni was untimely; and that (2) Plaintiff had not met her burden of demonstrating that any of the three non-party witnesses have information relevant to this case. The Court finds that Judge Falk's rulings are neither clearly erroneous nor contrary to law and will affirm the October Order.

#### A.   Untimeliness of the Request

Judge Falk's determination that Plaintiff failed to show good cause for a discovery extension was not in error. Federal Rule of Civil Procedure 16 vests a court with broad discretion to control and manage discovery. *See, e.g., Newton v. A.C. & Sons, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990). Under Rule 16(b)(4), a scheduling order will be modified only upon a showing of "good cause and with the judge's consent." To establish good cause, the party seeking an extension must demonstrate that the deadlines in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D 463, 469 (D.N.J. 1990).

Here, discovery closed on February 16, 2014 after a lengthy discovery period, which Judge Falk extended multiple times. And Judge Falk warned the parties that no further extensions would be granted. Plaintiff contends that the depositions requests were timely because she provided notice to Defendants of her request to depose Wildstein and Baroni before the discovery end date. However, as Judge Falk correctly stated, a party must file a motion to compel discovery *with the Court* prior to the close of the discovery period or the request is untimely. *See, e.g., Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006). Further, although Plaintiff claims that Baroni and Wildstein were new witnesses that she discovered in January 2014, Plaintiff allowed discovery to close in mid-February and waited another month before raising the issue with Judge Falk. Thus, as Judge Falk correctly determined, Plaintiff's request to depose Wildstein and Baroni was untimely.

      B.     **Lack of Relevance to the Case**

Additionally, Judge Falk correctly determined that Plaintiff failed to show that Baroni, Wildstein, and Speziale are likely possess information relevant to this case. Federal Rule of Civil Procedure 26(b) provides that a court may order discovery of any matter relevant to a party's claims or defenses. The party seeking discovery bears the burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence. *Carver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

Rule 26(b), although broad, is not "a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010). A court may thus limit discovery when the burden is likely to outweigh the benefits or the information can be obtained from another, less burdensome, source. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

Wildstein and Speziale were both hired after the Port Authority terminated Plaintiff's employment – on May 25, 2010 and August 11, 2010, respectively. And Baroni began working at the Port Authority on March 1, 2010, a little more than a month before Plaintiff's termination. Plaintiff argues that these individuals can speak to the Port Authority's "post-incident conduct," which is relevant to proving a municipal custom or practice of discrimination. But Plaintiff points to nothing indicating a connection between these individuals and the allegations in this case. This lack of any connection - let alone a direct connection - distinguishes this case from those in which courts have admitted evidence of post-incident conduct. *See, e.g., Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 171 (5th Cir. 1985) (admitting, in connection with allegations that the police had a policy/custom of recklessly employing deadly force, evidence that police officers who shot and killed Grandstaff after mistaking him for a fugitive were not reprimanded for their "dangerous recklessness"). Further, while evidence of workplace discrimination against other employees - or "me too" evidence - is sometimes relevant in an employment discrimination case, these individuals are not similarly situated to

Plaintiff.  *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Plaintiff is a Hispanic female who was employed by the Port Authority as a probationary police officer.  Conversely, Baroni, Wildstein, and Speziale are white, male, political appointees who held much more senior positions.

As Judge Falk aptly noted, this case is about a tunnel accident and an internal affairs investigation, not "Bridgegate."  This Court agrees with Judge Falk's finding that Plaintiff's late request to depose the three non-party witnesses is based on "nothing more than rank speculation" and "amount[s] to a classic fishing expedition." *Santiago*, 2014 WL 4930805, at *5.  The Court will thus affirm the October Order.

## IV.  CONCLUSION

For the above reasons, Plaintiffs' appeal is **DENIED**, and the October Order is **AFFIRMED**.  An appropriate order follows.

                                                         /s/ William J. Martini
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 11, 2015**