UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ENID SANTIAGO,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**NEW YORK & NEW JERSEY PORT AUTHORITY,** *et al.*,<br><br>　　　　　**Defendants.** | Civ. No. 2:11-cv-04254 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　Plaintiff Enid Santiago moves for an extension of time to appeal this Court's March 22, 2016 Order granting summary judgment against her and dismissing her Complaint. Defendants – the New York and New Jersey Port Authority and six of its individual officers – oppose Plaintiff's motion. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.　BACKGROUND**

　　In July 2011, Plaintiff filed her 42 U.S.C. § 1983 Complaint against Defendants. ECF doc. 1. On March 22, 2016, this Court entered an Order granting Defendants' motion for summary judgment and dismissing Plaintiff's Complaint. ECF doc. 98. Plaintiff had 30 days, until April 21, 2016, to appeal this Order. Fed. R. App. P. 4(a)(1)(A). On April 22, 2016, Plaintiff filed her notice of appeal. ECF doc. 99.

　　On May 10, 2016, Plaintiff moved for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). ECF doc. 101. Plaintiff's counsel has explained that his secretary incorrectly assumed that March was a 30-day month, causing her to mark April 22, 2016 as the deadline to file an appeal. Defendants oppose the motion.

**II.　LEGAL STANDARD**

　　In a civil case, a party must file a notice of appeal "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *see also Benn v. First Judicial Dist. of Pa.,* 426 F.3d 233, 237 (3d Cir. 2005) (the timely filing of a notice

of appeal is "mandatory and jurisdictional"). District courts have discretion to grant an extension of time to file notice of appeal if: (i) a party so moves no later than 30 days after the time to appeal expires; and (ii) that party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). In determining whether a party has demonstrated excusable neglect, courts weigh four factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership* 507 U.S. 380, 395 (1993); *In Re Diet Drugs Product Litigation*, 401 F.3d 153-54 (3d Cir. 2005). The determination of what constitutes excusable neglect is at bottom an equitable one. *Pioneer,* 507 U.S. at 395.

### III. DISCUSSION

The Court will grant Plaintiff's motion because: (i) Plaintiff moved for an extension of time within the requisite time period; and (ii) Plaintiff has demonstrated excusable neglect under *Pioneer*.

First, Defendants are not meaningfully prejudiced by Plaintiff's single-day delay in filing a notice of appeal. *See Harley v. Geithner*, 2010 WL 5418902, at *2 (D.N.J. Dec. 23, 2010) ("the addition of a single extra day would not seem to unreasonably add ... prejudice to Defendant"). Second, the overall length of Plaintiff's delay is negligible – the notice of appeal was filed a day late, and the request for an extension of time was well with the deadline to do so.

Third, counsel's secretary's calendaring error, while well "within the reasonable control of the movant," is not the result of professional incompetence or procrastination but rather, "minor neglect." *Consol. Freightways Corp. of Delaware v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987). The firm's internal procedures were not deficient; rather, a staff member inadvertently committed a simple human error. *Compare Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999) (finding excusable neglect when an attorney attempted to comply with a deadline but miscalculated and filed the request one day late), *with Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 328 (3d Cir. 2012) (no excusable neglect where attorney was personally responsible for breakdown in firm's internal procedures). And counsel acted diligently in seeking to cure the defect, applying for an extension of time immediately upon learning of his error. *See Consol.*, 827 F.2d at 919. Fourth, the Court can detect no evidence of bad faith here: no tactical advantage was achieved through this delay, and counsel readily acted to correct the mistake. After balancing the equities, the Court has determined that an extension is warranted.

**IV.     CONCLUSION**

For the reasons stated above, Plaintiff's motion for an extension of time is **GRANTED**.  An appropriate Order follows.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 14th, 2016**